**UNITED STATES of America,**
**Appellee,**

v.

**Wael Abdel Rahman KISHK,**
**Defendant–Appellant.**

**Docket No. 02–1157.**

United States Court of Appeals,
Second Circuit.

April 11, 2003.

Michael O'Brien, Syosset, N.Y., for Appellant.

Dwight C. Holton, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Jo Ann M. Navickas, Assistant United States Attorney, on the brief), Brooklyn, N.Y., for Appellee.

PRESENT: WALKER, Chief Judge, OAKES, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 11th day of April, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Appellant Wael Abdel Rahman Kishk appeals from his conviction, after a jury trial, for making a material false statement to federal law enforcement officers, in violation of 18 U.S.C. § 1001(a)(2). On appeal, Kishk challenges his conviction on the grounds that (1) there was insufficient evidence to convict him of a violation of Section 1001, and (2) that he was given ineffective assistance of counsel at trial. We affirm.

Kishk contends that the evidence presented at trial was insufficient to establish that he made a false statement during the course of his brief detention at J.F.K. airport. When considering a challenge to the sufficiency of the evidence, we must "view the evidence in the light most favorable to the government and construe all possible inferences in its favor," *United States v. Badalamenti*, 794 F.2d 821, 828 (2d Cir. 1986), and must "consider the evidence in its totality, not in isolation," *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000).

■ We have no difficulty affirming Kishk's conviction for making a false statement in violation of Section 1001. Agent Finn testified that, while being held at J.F.K. airport, Kishk denied that he planned to take flight lessons during his stay in the United States, and insisted that he entered the country with the intent to study business administration. These statements were flatly contradicted by the testimony of Maryanne Allard, an admissions officer at the college where Kishk had been accepted to study aviation. Kishk argues that, because he ultimately told the F.B.I. agents the truth—i.e., that he had come to the United States to take flight lessons—before they filed formal charges, such statements were insufficient to sustain Kishk's conviction under Section 1001. This argument has no basis in law or fact. The fact that Kishk eventually recanted his false statement in no way renders it any less false. *See United States v. Sebaggala,* 256 F.3d 59, 64 (1st Cir.2001) (rejecting the argument that a recantation of an earlier false statement is a defense to a charge of violating Section 1001). Moreover, given that the F.B.I. had already initiated an investigation of Kishk on the basis of those false statements, Kishk's recantation did not render the statements immaterial. *See United States v. Gaudin,* 515 U.S. 506, 509, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (to be "material" a "statement must have a natural tendency to influence, or [be] capable of influencing, the decision of the decision[ ]making body to which it was addressed") (internal quotation marks and citations omitted).

■ We also have no difficulty rejecting Kishk's argument that his false statements were the result of confusion or lack of facility with the English language. The F.B.I. agents asked Kishk several times whether he understood English and whether he wanted an interpreter. Kishk stated that he could communicate in English and declined the offer of a translator. In addition, at trial, the government introduced evidence that Kishk had spent time in America before and had taken English classes during that stay. Based on this evidence, we find no reason to disturb the jury's verdict.

■ Kishk also contends that his trial counsel was ineffective because of his failure to cross-examine Detective Frazer about his sworn statement that Kishk ultimately admitted that he planned to take flight lessons. Although we generally do not consider a claim of ineffective assistance of counsel on direct appeal, *see United States v. Williams,* 205 F.3d 23, 35 (2d Cir.2000), we will do so "when its resolution is beyond any doubt," *United States v. Matos,* 905 F.2d 30, 32 (2d Cir.1990) (internal quotation marks and citations omitted), as is the case here. First, as we noted above, the fact that Kishk ultimately told the F.B.I. the truth regarding his plans in the United States does not undermine his conviction for making a false statement to that agency. Hence, the fact that Kishk's trial attorney did not cross examine Detective Frazer regarding Kishk's eventual recantation did not lead to prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, Kishk's trial counsel clearly had strategic reasons for declining to engage in a line of questioning that would possibly lead jurors to associate Kishk—who entered the United States on September 19, 2001 with false documentation and a fake Egyptian Air uniform—with the highjackers of September 11, 2001. *See id.* at 689.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**