**UNITED STATES of America,**
**Appellee,**

v.

**Derek Eranye JETER, Defendant–**
**Appellant.**

**No. 06–3463–cr.**

United States Court of Appeals,
Second Circuit.

March 13, 2008.

John P. Cronan, Assistant United States Attorney (Jonathan R. Streeter, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Howard M. Simms, New York, NY, for Appellant.

Present: Hon. JOSEPH M. McLAUGHLIN and Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. BRIAN M. COGAN, District Judge.[1]

## SUMMARY ORDER

Derek Eranye Jeter appeals from a judgment of conviction entered on May 25, 2006 in the United States District Court for the Southern District of New York (Batts, *J.*) after a jury found Jeter guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

On appeal, Jeter argues: (1) that the district court abused its discretion and violated his Fifth Amendment right to a fair trial by denying his last minute request for a trial adjournment for the purposes of locating and calling a police officer who was involved in his investigation, and (2) that his trial counsel was ineffective because he failed to request that the district court issue a missing witness charge with respect to the officer.

"The denial of a defendant's request for a continuance will not be reversed absent a showing both of arbitrariness and of prejudice to the defendant." *United States v. Arena,* 180 F.3d 380, 397 (2d Cir.1999). Jeter has failed to show arbitrariness or prejudice. To the contrary, the district court's denial of Jeter's request was proper given that: (1) the evidence Jeter sought to introduce was irrelevant and cumulative, and (2) Jeter made his request for an adjournment on the morning that his second trial was scheduled to begin, despite the fact that virtually all of the relevant facts concerning the undercover operation and investigation were fully presented at Jeter's first trial. Nor can Jeter show prejudice; the evidence against him was overwhelming and any claimed error was therefore harmless. Thus, the district court did not abuse its discretion in rejecting Jeter's eleventh hour request for a trial adjournment.

A defendant claiming ineffective assistance of counsel must: (1) "show that counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms," and (2) "affirmatively prove prejudice" from counsel's allegedly defective performance. *Strickland v. Washington,* 466 U.S. 668, 688, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ineffective assistance claims raised on direct appeal can be considered by the Court "when their resolution is beyond any doubt or to do so would be in the interest of justice." *United States v. Khedr,* 343 F.3d 96, 100 (2d Cir.2003) (quoting *United States v. Matos,* 905 F.2d 30, 32 (2d Cir.1990) (internal quotation marks omitted)).

In the present case, any attempt by Jeter's counsel to request a missing witness charge would have failed because the charge would have been inappropriate: such an instruction "is [not] necessary where the unpresented testimony would be merely cumulative." *United States v. Torres,* 845 F.2d 1165, 1169 (2d Cir.1988). Moreover, even assuming that Jeter was entitled to a missing witness charge, he cannot show prejudice in light of the overwhelming evidence establishing his guilt. Thus, Jeter's ineffective assistance of counsel claim is without merit and is properly rejected in the interest of justice.

1. The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.