**UNITED STATES of America,**
**Appellee,**

v.

**Musah KONE, Defendant–Appellant.**

**No. 07–3201–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 17, 2008.

Joseph A. Bondy, New York, NY, for Defendant–Appellant.

Edward Y. Kim, Assistant United States Attorney, for Michael J. Garcia, United States Attorney, Southern District of New York (Kevin R. Puvalowski, Assistant United States Attorney, on the brief).

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. B.D. PARKER, Circuit Judges, Hon. JOHN G. KOELTL, District Judge.*

### SUMMARY ORDER

KARAS, J.

Musah Kone appeals from a judgment of conviction in the United States District Court for the Southern District of New York (Karas, *J.*). A jury found Musah Kone guilty of securities fraud and two counts of wire fraud, and he was sentenced to 37 months incarceration. Kone now argues that his conviction should be vacated because his trial counsel was ineffective and because the trial court issued a legally erroneous jury instruction. We assume the parties' familiarity with the facts, procedural history of the case, and issues presented on appeal.

■ Although this Court has expressed a preference that ineffectiveness claims be addressed to the district court in the first instance so that the claim may be resolved on the basis of a complete factual record, we may resolve an ineffectiveness claim on direct appeal in the interests of justice or where the claim's resolution is not in

* The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

doubt. *See United States v. Matos,* 905 F.2d 30, 32 (2d Cir.1990). The facts of this case would appear to foreclose Kone's ineffectiveness claim were we to address it now. During her opening statement defense counsel characterized Kone's lies, the documentary and testimonial evidence of which was overwhelming at trial, as immaterial puffery that did not reflect an intent to defraud. This argument was within the acceptable range of trial strategy, as was her statement that Kone "did try to make himself sound more successful than he was." *See United States v. Arena,* 180 F.3d 380, 397 (2d Cir.1999) (where defendant pleaded guilty in state court to conduct at issue it was reasonable trial strategy for defense counsel to concede that the events took place but that they did not constitute the crime charged). Counsel's statement did not result in a breakdown of all adversarial testing; at no point did counsel concede that Kone's lies were material or that they reflected the intent to defraud, both of which were elements essential to a finding of fraud. Even if counsel's statement during her opening had amounted to deficient performance, Kone has not demonstrated substantial prejudice in light of the ample credible trial evidence of his guilt. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Kone is not foreclosed from filing a petition for relief under 28 U.S.C. § 2255, in which he may raise an ineffectiveness claim on other grounds.

With respect to the jury charge, the district court rejected the notion that the government advanced a theory of fraud based on material omissions and concluded that Kone's failure to advise his clients that he had unpaid bills was instead relevant to an affirmative misrepresentation theory. That decision was reasonable in light of this Court's observation with regard to affirmative misrepresentation claims that "it is just as unlawful to speak half truths or to omit to state facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading." *United States v. Autuori,* 212 F.3d 105, 118 (2d Cir.2000) (internal quotation marks omitted). Based on the record at trial, which, as the government explains, reveals the government's consistent emphasis upon affirmative misrepresentations and *not* omissions, the district court's instructions were correct. *See United States v. Paccione,* 949 F.2d 1183, 1200 (2d Cir.1991) (a trial court "is not required to give a requested charge if it lacks a foundation in the law, or lacks a foundation in the evidence adduced at trial") (internal citations omitted).

For the foregoing reasons, the judgment of the district court is AFFIRMED.