08-5176-cr
United States v. Mena

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twentieth day of January two thousand and ten.

PRESENT:

> AMALYA L. KEARSE,
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

          *Appellee,*

  v.                                           No. 08-5176-cr

LEO MENA,

          *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**    Kerry Sloane Bassett, Bassett & Bassett, P.C., Central Islip, NY.

**FOR APPELLEE:**    Raymond A. Tierney, Assistant United States Attorney (Benton J. Campbell, United States Attorney, and Emily Berger, Assistant United States Attorney, *on the brief*), Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Leo Mena ("Mena" or "defendant") appeals from a judgment entered October 20, 2008 sentencing him principally to three months' imprisonment following his plea of guilty to accessory after the fact in violation of 18 U.S.C. § 3. Mena pleaded guilty to assisting Paul Sullivan ("Sullivan"), a business acquaintance, in defrauding the United States Small Business Administration. In sentencing Mena, the District Court noted that he had lied to the United States Probation Office ("USPO") about his wife's living situation and the care he provided for her.

On appeal, Mena argues that his sentencing counsel rendered ineffective assistance by failing to explain—either in a written objection to the presentence report or at the sentencing hearing—that the reason he misled the USPO was to protect his wife. Mena's wife was on federal probation at the time of his sentencing and, according to Mena, she lied to the USPO about her living arrangement. Mena contends that he subsequently lied to the USPO to protect his wife from being found in violation of the terms of the conditions of her probation. We assume the parties' familiarity with the remaining factual and procedural history of this case.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant "must (1) demonstrate that his counsel's performance fell below an objective standard of reasonableness . . . and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation." *Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) (internal quotation marks omitted). Although we prefer to address claims of ineffective assistance of counsel in collateral proceedings, rather than on direct appeal, we may take one of three actions when presented with a claim of ineffective assistance of counsel on direct appeal: "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent [28 U.S.C.] § 2255 petition; (2) remand the claim to the district court for necessary fact-finding; or (3) decide the claim on the record before us." *United States v. Leone*, 215 F.3d 253, 256 (2d Cir. 2000). When the resolution of the claims "is beyond any doubt" or to resolve them "would be in the interest of justice," we may choose to entertain these claims on direct appeal. *United States v. Matos*, 905 F.2d 30, 32 (2d Cir. 1990) (internal quotation marks omitted).

We are satisfied that Mena's claim of ineffective assistance of counsel can and should be resolved on this direct appeal. We further conclude that the claim fails because Mena cannot satisfy either prong of the *Strickland* analysis.

With respect to prejudice, we find in the record no basis for the claim that Mena would have received a more lenient sentence if his counsel had made the objections that defendant now claims he should have made. The fact that Mena's lies were motivated by a desire to mislead his wife's probation officers rather than his own makes them no less objectionable. If anything, this revelation would likely have confirmed, rather than rebutted, the sentiments expressed by the District Court: "[A]t this juncture I don't even have the slightest confidence that you will [abide by the terms of probation], because you're always looking for the edge, Mr. Mena. You're always looking to beat the system . . . ." J.A. 51. Because Mena's explanation would have been unlikely to evoke sympathy from the District Court, he has not shown prejudice resulting from his counsel's failure to raise this anomalous objection.

For this same reason, Mena cannot show that his counsel's performance was objectively unreasonable. Even assuming that Mena conveyed to counsel the purported reason why he was dishonest with the USPO, counsel's decision to not make this argument, and to focus instead on the substantial assistance that Mena provided in connection with the prosecution of Sullivan, was more than reasonable. *See Strickland*, 466 U.S. at 689 (explaining that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound . . . strategy" (internal quotation marks omitted)); *Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005) ("We will not normally fault counsel for foregoing a potentially fruitful course of conduct if that choice also entails a significant potential downside." (internal quotation marks omitted)). Notably, when given the opportunity to make a statement to the Court, Mena also declined to reveal what he now claims is the true reason for his dishonesty. Accordingly, we conclude that counsel was not deficient for failing to argue that Mena lied to the USPO in an effort to conceal his wife's violation of the terms of her own probation.

## CONCLUSION

We have considered all of defendant's arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

3