10-1536-cr
United States v. Gonzalez-Montes

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of October, two thousand eleven.**

PRESENT:

JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,
            *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,

            *Appellee,*

            -v.-                                          No. 10-1536-cr

JOSÉ GONZALEZ-MONTES,[1]

            *Defendant-Appellant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
**FOR APPELLANT:**                        Sally Wasserman, New York, NY.

**FOR APPELLEE:**                         Elizabeth Riker, Assistant United States Attorney (Richard S. Hartunian, United States Attorney for the Northern District of New York, *on the brief*, and Elizabeth A. Horsman, Assistant United States Attorney, *of counsel*), Office of the United States Attorney for the Northern District of New York, Syracuse, NY.

---

[1] The Clerk of the Court is directed to amend the official caption as shown above.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Defendant-appellant José Gonzalez-Montes appeals from a March 22, 2010 judgment of the District Court for the Northern District of New York sentencing him principally to 41 months imprisonment for violations of 8 U.S.C. § 1326(a) and (b).  On appeal, Gonzalez-Montes argues that he received ineffective assistance of counsel because his attorney did not argue for a sentence below the Guidelines range, but instead requested a sentence at the bottom of the applicable Guidelines range.

**BACKGROUND**

Defendant-appellant Gonzalez-Montes, a citizen of Mexico and an undocumented alien, was convicted after a guilty plea in the United States District Court for the Northern District of New York of illegally reentering the United States after having been removed following conviction of domestic violence against his wife, an aggravated felony.

Prior to sentencing, Gonzalez-Montes's counsel filed a sentencing memorandum in which she made several arguments in mitigation of the offense.  First, the attorney pointed out that Gonzalez-Montes had had no contact with the criminal justice system between the completion of his sentence in California and his arrest on the current charges.  She then explained that Gonzalez-Montes had originally traveled from Mexico to Canada with the intent to return directly to Mexico, but had changed his mind and entered the United States at the last moment—in other words, he had not set out on his trip from Mexico with the intention of illegally entering the United States.  She also presented the court with a letter from Gonzalez-Montes' wife, Veronica Reyes, in which Reyes recanted her allegations of domestic abuse against Gonzalez-Montes, described her family's difficulties since her husband's departure, explained that his mother was very ill, and begged the court for his immediate return.  Counsel then noted that Gonzalez-Montes was deeply remorseful for his actions.

Counsel further argued that, although Gonzalez-Montes would not contest the Guidelines range calculated in the presentence report, the Guidelines themselves were no longer mandatory and to treat

them as such would constitute grave procedural error.  Instead, she argued, the court should impose a sentence that was sufficient but not greater than necessary to achieve the goals of sentencing.  She ended her memorandum with a request that the court impose a sentence at the bottom of the applicable Guidelines range.

At sentencing the court adopted the presentence report without objection from either side, granted a one-level downward departure on the government's motion, and calculated Gonzalez-Montes's Guidelines range of imprisonment at 41-51 months.  The court then heard argument from defense counsel and the prosecution, as well as an allocution from Gonzalez-Montes himself.  After evaluating the required sentencing factors under 18 U.S.C. § 3553(a), the court pronounced sentence, explaining that while "there is nothing about [Gonzalez-Montes's] conduct that would cause me to impose a sentence beyond the minimum under the guidelines," he saw "no reason . . . to do anything when I evaluate the sentencing factors in the scheme Congress has imposed other than to adopt the guideline findings as the reasonable sentence."  He then imposed a 41-month term of imprisonment, which represented the bottom of the applicable Guidelines range.

This appeal followed.

**DISCUSSION**

A.      *The* Strickland *Standard*

Gonzalez-Montes argues on appeal that he received ineffective assistance from his counsel when she failed to specifically request that the court impose a sentence below the range suggested by the Guidelines.[2]  A claim of ineffective assistance of counsel is evaluated under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  Generally, to prevail on such a claim, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness," *id.* at

---

[2] Although an ineffective assistance of counsel claim is usually more appropriately brought in an action commenced under 28 U.S.C. § 2255, *see Massaro v. United States*, 538 U.S. 500, 504 (2003), we review it here at the request of the parties and because the record of the proceedings below contains all of the information we require to decide petitioner's claim.  *See United States v. Matos*, 905 F.2d 30, 32 (2d Cir. 1990) (a claim of ineffective assistance of counsel may be decided on direct appeal "when its resolution is 'beyond any doubt' or to do so would be in the interest of justice" (quoting *United States v. Aulet*, 618 F.2d 182, 186 (2d Cir.1980))).

688, and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. For the purpose of this order we focus only on the second prong of the *Strickland* test. *See id.* at 697 (courts may focus first on the prejudice prong when it is "easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice"); *see also Farrington v. Senkowski*, 214 F.3d 237, 242 (2d Cir. 2000) (courts need not resolve the first *Strickland* prong if the second is more readily resolved).

B.      *Application of the* Strickland *Standard to the Appellant*

Gonzalez-Montes's counsel presented numerous arguments in mitigation of his offense, as well as a letter from his wife begging the court for his immediate release. Counsel also reminded the court that to treat the Guidelines as mandatory would be grave procedural error, *see United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (*en banc*), and argued that the court was required to make an individualized assessment of the § 3553(a) factors prior to imposing a sentence that, in the court's judgment, would be "sufficient, but not greater than necessary" to achieve the goals of sentencing. Although counsel did not specifically request a below-Guidelines sentence, the sentencing court could not have believed, based upon counsel's presentation, that Gonzalez-Montes did not want the lowest possible sentence. We therefore determine that counsel's performance did not prejudice the appellant.

## CONCLUSION

We have reviewed the defendant's arguments on appeal and find that they are without merit. The judgment of the District Court is **AFFIRMED.**

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court