11-3737-cr
United States v. Haynes

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand fourteen.

PRESENT:
> ROSEMARY S. POOLER,
> REENA RAGGI,
> PETER W. HALL,
> > *Circuit Judges*.

_____

United States of America,

> *Appellee*,

> v.                                                          11-3737-cr

Emerson Haynes, AKA Anthony Haynes,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| **FOR APPELLEE:** | Joseph J. Karaszewski, Assistant United States Attorney for the Western District of New York (William J. Hochul, Jr., United States Attorney, *on the brief*), Buffalo, N.Y. |
| **FOR DEFENDANT-APPELLANT:** | Emerson Haynes, pro se, Buffalo, N.Y. |

Appeal from a judgment of the United States District Court for the Western District of

New York (Skretny, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Emerson Haynes, pro se, appeals a judgment of the United States District Court for the Western District of New York (Skretny, *C.J.*) entered on September 6, 2011, following a jury verdict, convicting him of unlawful use of premises for the purpose of manufacturing and distributing marijuana, in violation of 21 U.S.C. § 856(a)(1), and unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Upon review of the record, we conclude that the district court properly denied Haynes's pretrial motions seeking to dismiss the indictment and to suppress evidence. Haynes based his motions on unsupported allegations that the grand jury considered improper evidence, the prosecution was vindictive, the Government's conduct was "outrageous," and his speedy trial rights were violated. We further conclude that Haynes was not denied his right to challenge the validity of the search warrant. The October 19, 2009 report and recommendation of the magistrate judge reflects that his challenge to the warrant was considered and rejected. We also find no support in the record for Haynes's contentions that the district court acted as a "rubber stamp" for the Government, or that the court colluded with the Government and standby counsel to violate his rights.

With respect to Haynes's ineffective assistance of counsel claims, those claims should be made in the first instance to the district court. *See United States v. Matos*, 905 F.2d 30, 32 (2d Cir. 1990). This Court prefers to hear ineffective assistance claims on collateral review. *See United States v. Doe*, 365 F.3d 150, 152 (2d Cir. 2004). Although we may decide such claims on direct appeal when their resolution is "beyond any doubt" or in the interest of justice, Haynes has not made such a showing. *Matos*, 905 F.2d at 32 (internal quotation marks omitted).

We have considered Haynes's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2