15-1300-cr
*United States v. Tavarez*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand sixteen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges,*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                          No. 15-1300-cr

LUIS GASTAVO TAVAREZ,

*Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | ALEXANDER WILSON, Assistant United States Attorney (Adam S. Hickey, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York. |
| **FOR DEFENDANT-APPELLANT:** | B. ALAN SEIDLER, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Luis Gustavo Tavarez pleaded guilty to conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b). On appeal, Tavarez argues that counsel was ineffective for insisting that he participate in a proffer with the Government, for advising him to accept a plea agreement that overstated his culpability and conferred no benefit to him, and for not objecting to an enhancement for obstruction of justice, which was based on his flight to Indiana while released on bail. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

A petitioner complaining of ineffective assistance bears a heavy burden in that he must demonstrate both (1) that his attorney's performance fell below an objective standard of reasonableness in light of prevailing professional norms and (2) ensuing prejudice. *See Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984). With respect to the first prong, we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Gaskin,* 364 F.3d 438, 468 (2d Cir. 2004) (internal citations and quotation marks omitted). To demonstrate prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding below would have been different," *Puglisi v. United States,* 586 F.3d 209, 215 (2d Cir. 2009) (internal quotation marks omitted), meaning that "counsel's errors were so serious as to deprive the defendant of a fair trial," *Strickland*, 466 U.S. at 687.

2

This Court has generally expressed a "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Khedr,* 343 F.3d 96, 99–100 (2d Cir. 2003) (quoting *United States v. Williams,* 205 F.3d 23, 35 (2d Cir. 2000)). Unlike a claim brought pursuant to a 28 U.S.C. § 2255 motion, the record on direct appeal typically has not been developed "precisely for the object of litigating or preserving the claim and [is] thus often incomplete or inadequate for this purpose." *Massaro v. United States,* 538 U.S. 500, 505 (2003). We have also noted that "the allegedly ineffective attorney should generally be given the opportunity to explain the conduct at issue." *Khedr,* 343 F.3d at 100. We may nevertheless hear such a claim on direct appeal when the "resolution is beyond any doubt or to do so would be in the interest of justice." *Id.* (quoting *United States v. Matos,* 905 F.2d 30, 32 (2d Cir. 1990) (internal quotation marks omitted)).

Tavarez makes numerous factual assertions regarding discussions he had with counsel about whether to engage in a proffer with the Government. Tavarez does not, however, point to any evidence in the record supporting his version of events. With respect to counsel's advice that he accept the plea agreement, there is no record of the plea discussions between the Government and Tavarez's counsel or between Tavarez and counsel regarding whether to accept the plea agreement. Without the benefit of affidavits or other evidence, we cannot decide Tavarez's ineffective assistance claim based on these events. *See Massaro*, 538 U.S. at 505; *cf. United States v. Kimber,* 777 F.3d 553, 562 (2d Cir. 2015) (addressing ineffective assistance claim on direct appeal where record admitted resolution "beyond any doubt" (internal quotation marks omitted)). We therefore decline to address this aspect of Tavarez's ineffective assistance claim on direct review. *See Massaro,* 538 U.S. at 504 (recognizing that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective

3

assistance"); *United States v. Spruill*, 808 F.3d 585, 600 (2d Cir. 2015) (observing that an ineffective assistance claim "must generally be brought collaterally to allow adequate development of the record").

We do, however, resolve the ineffectiveness claim based on counsel's failure to object to the obstruction of justice enhancement because the record shows "beyond any doubt" that it is meritless. *See Kimber,* 777 F.3d at 562. The Guidelines provide for a two-step increase in offense level if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. Obstructive conduct includes "escaping or attempting to escape from custody before trial or sentencing[ ] or willfully failing to appear, as ordered, for a judicial proceeding." U.S.S.G. § 3C1.1 Application Note 4(E). Tavarez does not dispute that he cut off his electronic monitoring bracelet, left the jurisdiction, and was a fugitive for more than two weeks until he was taken into custody by the U.S. Marshals Service. Moreover, the district court made the necessary factual finding that Tavarez acted willfully, stating that "[c]learly there was an attempt to evade all responsibility completely and never return again for sentencing or anything else in this case." App'x 94-95; *see United States v. Reed*, 49 F.3d 895, 900 (2d Cir. 1995) ("Whatever circumstances are alleged to constitute obstruction in a particular case, an enhancement under § 3C1.1 is not appropriate, by the terms of that section, unless the obstruction was 'willful[ ].'"). Given these circumstances, objecting to the enhancement would have been futile and would have fit awkwardly into counsel's strategy of arguing for a sentencing reduction for acceptance of responsibility based, in part, on highlighting how Tavarez

4

did not offer excuses for his flight and had regretted the decision.[1]  We conclude that the record resolves "beyond any doubt" that counsel was not ineffective for failing to object to the enhancement for obstruction of justice.  *See Kimber,* 777 F.3d at 562.

We have considered all of Tavarez's arguments and conclude that they are without merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1]  We are not swayed by Tavarez's assertion that he fled to Indiana because he was "stressed" or his argument that his flight was mitigated by the fact that he did not miss any court appearances. *See United States v. Defeo,* 36 F.3d 272, 276 (2d Cir. 1994) (finding unconvincing defendant's argument "that the obstruction-of-justice adjustment was inappropriate because her fugitive status did not delay sentencing and was not intended to obstruct justice").