11-3161-cr(L)
United States v. Morin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand thirteen.

PRESENT:  JON O. NEWMAN,
          REENA RAGGI,
          GERARD E. LYNCH,
               *Circuit Judges*.

------------------------------------------------------------------------
UNITED STATES OF AMERICA,
               *Appellee*,

v.                                         No. 11-3161-cr(L)
                                           No. 11-4899-cr

CHRISTOPHER MORIN, a/k/a Christopher Scott Morin,
               *Defendant-Appellant*.
------------------------------------------------------------------------

APPEARING FOR APPELLANT:    DEBRA D. CORCORAN, The Corcoran Law Firm, Henrico, Virginia.

APPEARING FOR APPELLEE:     ELIZABETH S. RIKER (Daniel C. Gardner, *on the brief*), Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 17, 2011, is AFFIRMED.

Defendant Christopher Morin, who was convicted after a jury trial of one count of attempting to entice a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b), appeals from the denial of his motions for a judgment of acquittal, see Fed. R. Civ. P. 29, and for a new trial, see Fed. R. Civ. P. 33. Although Morin challenges certain evidentiary rulings, the crux of his argument is that the evidence was insufficient as a matter of law to support the jury verdict.[1] We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Rule 33 Motion

We review the denial of a Rule 33 motion for a new trial for abuse of discretion, see United States v. McCourty, 562 F.3d 458, 475 (2d Cir. 2009), and find no such abuse here. The evidentiary rulings that form the basis of Morin's Rule 33 motion do not evince the kind of "exceptional circumstances" suggesting "a real concern that an innocent person

---

[1] Although Morin also purports to challenge the district court's denial of his motions (1) for a bill of particulars, (2) to dismiss the indictment, (3) to compel discovery of material covered by Fed. R. Evid. 404(b), and (4) to inspect a cellular telephone and computer, he presents no supporting arguments. Accordingly, we deem those challenges abandoned on appeal. See Jackler v. Byrne, 658 F.3d 225, 233 (2d Cir. 2011). Even if that were not the case, however, we would identify no error in these rulings.

may have been convicted." Id. (internal quotation marks omitted); see Crane v. Kentucky, 476 U.S. 683, 689 (1986) (recognizing "wide latitude" afforded trial court's evidentiary rulings).

Insofar as Morin challenges the government's "last minute disclosure of evidence and continued failure to provide evidence coupled with the trial court's denial of defendant's discovery motions," Appellant's Br. 14, he fails to develop these arguments in a way that permits appellate review. Notably, he does not identify what evidence was belatedly disclosed or withheld, or how he was prejudiced thereby at trial. Absent such record references or a statement of reasons to support these evidentiary claims, both required by Fed. R. App. P. 28(a)(9), we can hardly conclude that Morin was deprived of his right to call witnesses or to testify in his own defense, as he conclusorily asserts. Accordingly, as presented to the court, these arguments fail on the merits and, thus, demonstrate no abuse of discretion by the district court in denying a new trial.

The same conclusion obtains with respect to Morin's challenge to the admission into evidence of a prosecution chart summarizing the hundreds of text messages between Morin and the minor female he was found to have attempted to entice into sexual activity. The district court correctly instructed the jury that "the evidence really is what's said in the text, not the summary chart." Trial Tr. 86:15–16, App. 130; see United States v. Casamento, 887 F.2d 1141, 1151 (2d Cir. 1989) (approving use of summary charts provided judge properly instructs jury that charts themselves are not evidence). Moreover, the summary chart did not violate Morin's Confrontation Clause rights, see

3

Crawford v. Washington, 541 U.S. 36, 68 (2004), as there is no indication in the record that the chart was "for the purpose of establishing or proving some fact at trial," Melendez-Diaz v. Massachusetts, 557 U.S. 305, 324 (2009). The court's aforementioned instruction made clear that only the text messages themselves could prove facts. To the extent that there was any question as to the chart's accuracy even as a summary tool, Morin was able to question the government agent who prepared it.

As for Morin's claim that he did not have an opportunity to examine the text messages summarized in the chart, this assertion is belied by the record, which shows that Morin was (1) provided with paper copies of all text messages; and (2) given an opportunity to inspect the actual telephone containing text messages transmitted on August 13, 2010, and August 14, 2010.

In sum, we identify no evidentiary errors, much less errors warranting a new trial.

2. Rule 29 Motion

We review Morin's Rule 29 motion challenging the sufficiency of the evidence de novo, see United States v. Goffer, - F.3d - , 2013 WL 3285115, at *6 (2d Cir. 2013), and will uphold the conviction if the totality of the evidence would have permitted "'any rational trier of fact'" to find "'the essential elements of the crime beyond a reasonable doubt,'" United States v. Robinson, 702 F.3d 22, 34 (2d Cir. 2012) (emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

Morin submits that the evidence was insufficient to prove that he intended to engage a minor in sexual contact. In support, he notes that the female minor in this case initiated

4

their exchanges and that, in certain exchanges, he expressed suspicion that an undercover agent was posing as the minor female. When these facts are viewed not in isolation but in the context of the totality of the evidence, and in the light most favorable to the government, see United States v. Celaj, 649 F.3d 162, 167 (2d Cir. 2011), we easily conclude that a jury could have found the requisite intent. Even if the minor initiated contact with Morin, the text messages showed that Morin actively encouraged the extensive communications that ensued, steering those conversations in sexual directions and, eventually, stating a desire and intent to have sexual relations with the minor. This was sufficient to permit a reasonable jury to find the mens rea element of an attempt to entice. See United States v. Brand, 467 F.3d 179, 202 (2d Cir. 2006) ("A conviction under § 2422(b) requires a finding only of an attempt to entice or an intent to entice, and not an intent to perform the sexual act following the persuasion.").

Morin's sufficiency challenge to the significant-step element of an attempt crime is similarly meritless. A reasonable jury could find that Morin's text messages, which escalated from flattery about the minor's physical appearance to sexual innuendos to cruder discussions of anticipated sexual contact, were a significant step in "grooming" the minor for the intended sexual activity. Id. at 203. Such grooming, as well as Morin's repeated requests that the minor meet alone with him—on one occasion "begging" for a meeting, Trial Tr. 122:6, App. 166—were significant steps supporting conviction for attempt to entice, see United States v. Brand, 467 F.3d at 203–04 (citing defendant's

5

grooming behavior and repeated attempts to set up meeting with minor in upholding conviction for attempt to entice).

Moreover, Morin did more than propose such meetings to the minor. Having already acknowledged that the purpose of their meeting would be to engage in sexual activity, he himself went to a designated meeting site after texting the minor that she should "[c]ome now" to that location. Trial Tr. 217:16, App. 261. This too was sufficient to prove a substantial step. See United States v. Brand, 467 F.3d at 204 (holding that defendant who went to designated meeting place took substantial step toward completion of enticement crime); see also United States v. Olvera, 687 F.3d 645, 648 (5th Cir. 2012) (holding that defendant took substantial step when he arrived at appointed meeting place after expressing intent to engage minor in sexual activity); United States v. Nestor, 574 F.3d 159, 161 (3d Cir. 2009) (stating that acts of arranging meeting for sexual encounter and discussing "ways to avoid police detection" each could individually constitute substantial step).

In sum, we identify no sufficiency concern to support Morin's motion for a judgment of acquittal.

We have considered Morin's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6