**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

---

No. 12-1431

UNITED STATES,

Appellee,

v.

KIRK LASSEND,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor IV, U.S. District Judge]

---

Before

Lynch, Chief Judge,
Stahl and Howard, Circuit Judges.

---

Katherine C. Essington on brief for appellant.
Carmen M. Ortiz, United States Attorney, and Mark T. Quinlivan, Assistant United States Attorney, on brief for appellee.

---

October 23, 2013

---

**Per Curiam**.  A jury convicted the defendant-appellant Kirk Lassend of being a felon in possession of a firearm and ammunition.  18 U.S.C. § 922(g)(1).  The facts may be briefly summarized.  A resident of an apartment building in Fitchburg, Massachusetts called 911 after Lassend, carrying a gun, knocked on her door looking for someone and then left once his effort proved unfruitful.  Lassend was next seen with the gun in the street, where he discharged the weapon into the air.  The police arrived on site and arrested Lassend, who had ammunition on him and whose hands bore lacerations.  The police located the gun in a common area of an apartment building and also later discovered ammunition in the defendant's apartment.  Eyewitness testimony was among the evidence presented at trial.

Lassend appeals his convictions on three bases:  that the district court erred in failing to delay sua sponte jury empanelment due to his medical condition, that the court also erred in its jury instruction on police investigation techniques, and, finally, that the court erred in precluding him from making trial use of evidence about a testifying police officer's prior malfeasance.  He acknowledges that plain error review applies to the first two claims; the standard of review as to the third issue is disputed.  All three claims fail.

Before jury empanelment began, defense counsel informed the trial judge that the defendant was experiencing considerable

pain from recent surgery, that this discomfort was compounded by his chronic psoriasis, and that he had not received the necessary medication to provide him with relief. Though assured by defense counsel that the defendant was able to understand the court proceedings, the trial judge conducted an individual colloquy with Lassend, exploring among other topics his physical symptoms and his ability to think clearly during the empanelment process which was expected to last from two to four hours. Both defense counsel and the defendant sought to move forward in court that day, and, satisfied by the individual colloquy, the court decided to proceed with empanelment. The court nonetheless granted Lassend's request to delay the start of trial so that he could seek proper medication later that same day. After examining the record, we observe nothing amiss in this procedure. See United States v. Maryea, 704 F.3d 55, 72 (1st Cir. 2013)(affirming decision not to re-evaluate an individual's competency where a record colloquy "demonstrated her ability to follow the court's line of questioning, to understand said questioning, to converse and interact with her attorney, and to provide coherent responses regarding her rights"); United States v. Savinon-Acosta, 232 F.3d 265, 268-69 (1st Cir. 2000) ("[P]ractical judgments can usually be made. Courts have commonly relied on the defendant's own assurance (and assurances from counsel) that the defendant's mind is clear. Further, the

defendant's own performance in the course of a colloquy may confirm, or occasionally undermine, his assurances.")

As for Lassend's second claim, we note that his trial defense was premised at least in part on a purported faulty police investigation. For example, the defense targeted law enforcement's decision not to have particular items, such as Lassend's clothing and swabs taken from the gun, tested for gun residue and for DNA. The court discussed with counsel language options for a jury instruction pertaining to law enforcement techniques. Ultimately, the court provided a jury instruction on the matter, to which the defendant did not object. That instruction did not -- as Lassend contends -- communicate to the jury that it was foreclosed from considering the adequacy of the police investigation when deciding whether the government had proven its case beyond a reasonable doubt. Cf. Commonwealth v. Bowden, 399 N.E.2d 482, 491 (Mass. 1980) (finding reversible error where instructions removed from jury's consideration the failure of the authorities to conduct certain tests or produce certain evidence). Rather, the court informed the jury that it could draw reasonable inferences from the fact that certain tests were inconclusive or not conducted, or that certain techniques were not used, as well as that law enforcement is not legally required to use any specific or all possible tests or techniques in order to prove its case. We discern no plain error in this instruction. See United States v. Brown, 669 F.3d

-4-

10, 29 (1st Cir. 2012) (explaining plain error review of jury instructions); see, e.g., United States v. Cota-Meza, 367 F.3d 1218, 1223 (10th Cir. 2004); United States v. Saldarriaga, 204 F.3d 50, 52-53 (2d Cir. 2000); United States v. Mason, 954 F.2d 219, 222 (4th Cir. 1992).

As his final claim, Lassend contends that the district court precluded him from making use of, through cross examination or otherwise, a past disciplinary infraction of a testifying police officer. As far as we can tell, the court issued no such ruling. Rather, the court deemed the matter moot once defense counsel expressly indicated an intent not to pursue it. In any event, even if the issue were preserved, the defendant's appellate argument would have no traction, because the district court would not have abused its discretion in foreclosing use of the personnel information under Federal Rule of Evidence 403. See United States v. Anthony, 545 F.3d 60, 66 (1st Cir. 2008) ("We accord district courts considerable latitude in this exercise and review the exclusion of evidence under Rule 403 for abuse of discretion."). The record justifies a conclusion that a single infraction occurring more than forty years ago carried little probative value with respect to witness credibility, and that its admission would lead to unfair prejudice, undue delay, and waste of judicial resources.

For the reasons enunciated, the convictions are **affirmed**.