United States v. D'Amelio

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand fourteen.

PRESENT:
> ROSEMARY S. POOLER,
> REENA RAGGI,
> DENNY CHIN,
> *Circuit Judges.*

———————————————————————

United States of America,

> *Appellee*,

> v.                                                            13-588

Daniel D'Amelio, AKA Wamarchand@aol.com,

> *Defendant-Appellant.*[*]

———————————————————————

**FOR DEFENDANT-APPELLANT:**          Daniel D'Amelio, *pro se*, Fort Dix, NJ

**FOR APPELLEE:**          Michael Alexander Levy, Randall Wade Jackson, and Brent Scott Wible, Assistant United States Attorneys, *for* Preet Bharara, United States

———————————

[*]The Clerk of the Court is directed to amend the caption as above.

Attorney for the Southern District of New York,
New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Daniel D'Amelio, proceeding *pro se*, appeals from the district court's judgment, following a jury verdict, finding him guilty of one count of attempted enticement of a minor using a facility or means of interstate commerce, in violation of 18 U.S.C. § 2422(b). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In challenging the sufficiency of the evidence to support his conviction, a defendant bears a heavy burden. *United States v. Reifler*, 446 F.3d 65, 94-95 (2d Cir. 2006). We "must credit every inference that could have been drawn in the [G]overnment's favor, and affirm the conviction so long as, from the inferences reasonably drawn, the jury might fairly have concluded guilt beyond a reasonable doubt." *Id.* at 94 (internal citations omitted). "[T]he task of choosing among competing, permissible inferences is for the [jury], not for the reviewing court." *United States v. McDermott*, 245 F.3d 133, 137 (2d Cir. 2001).

To establish a conviction under § 2422(b), the Government must prove that an individual: (1) used a facility of interstate commerce; (2) to knowingly persuade, induce or entice, or to attempt to persuade, induce or entice; (3) any individual who is younger than eighteen-years old; (4) to engage in sexual activity of a criminal nature. 18 U.S.C. § 2422(b);

2

*see United States v. Brand*, 467 F.3d 179, 201-02 (2d Cir. 2006). A conviction "requires a finding only of an attempt to entice or an intent to entice, and not an intent to perform the sexual act following the persuasion." *Brand*, 467 F.3d at 202. To prove an attempt to commit the crime, the Government must show that the defendant had the intent to commit the crime and engaged in conduct amounting to a "substantial step" towards its commission, which must involve more than "mere preparation." *Id*.

The evidence was sufficient for the jury to find D'Amelio guilty of violating § 2422(b). The Government's evidence showed that he initiated contact with "Mary," who told him that she was a 12-year-old girl, in a chatroom entitled "I Love Much Older Men." *See Brand*, 467 F.3d at 202 (evidence sufficient to sustain conviction under § 2422(b) when Government showed that defendant initiated contact with a girl claiming to be 13 years old in a chatroom entitled "I Love Older Men"). D'Amelio also frequently suggested that he "liked" her, and that he performed sexual acts on women he "liked." He also "continuously steered the conversation in the direction of sexual contact," which we have recognized can constitute "classic 'grooming' behavior in preparation for a future sexual encounter." *Id*. at 203. Moreover, by meeting with "Mary" at a designated location, D'Amelio took a "substantial step" toward the completion of the crime. *Id*. at 204 (defendant took a "substantial step" toward violating § 2422(b) when he went to the meeting place that he had established with the underage individual).

Although D'Amelio offered a different theory as to why he engaged in such interactions, the jury was required to make a credibility determination, which we rarely disturb. *See United States v. Roman*, 870 F.2d 65, 71 (2d Cir. 1989). Moreover, it is the role of the jury to choose

3

among competing, permissible inferences, which it did. *McDermott*, 245 F.3d at 137. Although he argues that he was aware that "Mary" was an adult, the evidence viewed most favorably to the prosecution, indicates otherwise. Sepcifically, D'Amelio showed his concern about getting "into trouble" and about laws that prohibited sexual activity between adults and underage individuals. When he met "Mary" in person, he suggested that she create an alternate screenname indicating that she was 16 years old instead of 12 years old. The jury could have drawn a reasonable inference from such behavior that he did in fact believe she was only 12 years old.

D'Amelio also challenges the Government's use of internet communications and audio-recordings as evidence instead of "physical, in-person" evidence. However, we have held that "the [G]overnment has no duty to employ in the course of a single investigation all of the many weapons at its disposal," and that "failure to utilize some particular technique . . . does not tend to show that a defendant is not guilty of the crime with which he has been charged." *United States v. Saldarriaga*, 204 F.3d 50, 53 (2d Cir. 2000).

D'Amelio also argues that, because § 2422(b) requires that his conduct be directed toward an *actual* minor, the district court erred by instructing the jury that it could convict him if it found that he subjectively believed that "Mary" was a minor. We have previously rejected that argument, as the statute "explicitly proscribes *attempts* to entice a minor," meaning that a defendant may be found guilty even if the victim he believes to be underage is in fact an adult. *United States v. Gagliardi*, 506 F.3d 140, 145-46 (2d Cir. 2007) (emphasis in original).

As for D'Amelio's argument that his prosecution violated the First Amendment, § 2422(b) "punishes the *act* of enticing or attempting to entice a minor when it is knowingly

4

done," which "does not implicate speech." *Id*. at 148 (emphasis in original). Moreover, speech is not protected by the First Amendment "'when it is the very vehicle of the crime itself.'" *Id*. (quoting *United States v. Rowlee,* 899 F.2d 1275, 1278 (2d Cir. 1990)).

With respect to D'Amelio's ineffective assistance claim, that claim must be made in the first instance to the district court in order that there be a full factual record on review. *United States v. Matos*, 905 F.2d 30, 32 (2d Cir. 1990). Although we may decide such a claim raised for the first time on appeal when its resolution is "beyond any doubt" or in the interest of justice, D'Amelio has not made such a showing. *Id*. Moreover, we prefer to hear claims of ineffective assistance of counsel on collateral review. *See United States v. Doe*, 365 F.3d 150, 152 (2d Cir. 2004).

We have considered D'Amelio's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk