UNITED STATES of America,

v.

Michael J. MAHANNAH, Defendant.

5:14-CR-0392 (DNH)

United States District Court,
N.D. New York.

Signed June 22, 2016

HON. RICHARD S. HARTUNIAN, United States Attorney, NICOLAS COMMANDEUR, ESQ., Asst. United States Attorney, Northern District of New York, 100 South Clinton Street, P.O. Box 7198, Syracuse NY 13261

LISA A. PEEBLES, ESQ., RANDI JUDA BIANCO, ESQ., OFFICE OF THE FEDERAL PUBLIC DEFENDER, Attorneys for Defendant, The Clinton Exchange, 3rd Floor, 4 Clinton Square, Syracuse, NY 13202

## MEMORANDUM, DECISION AND ORDER

DAVID N. HURD, United States District Judge

## I. INTRODUCTION

The defendant, Michael Mahannah, was charged in a twenty-count superseding indictment, which alleges among other things: (i) one count of attempted coercion and enticement in violation of 18 U.S.C. § 2422(b) ("Count 1") and (ii) one count of a felony offense against a minor by a registered sex offender in violation of 18 U.S.C. § 2260A ("Count 2").[1] At the end of the

---

1. The defendant has plead guilty to Counts 3-20, involving possession, distribution and receipt of child pornography. Sentencing is pending.

government's case in chief, Mahannah moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a).

## II. DISCUSSION

### A. The Rule 29 Standard.

■ Federal Rule of Criminal Procedure 29(a) allows a district court to enter a judgment of acquittal with respect to "any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. PRO. 29(a). The test established by the Supreme Court requires the court to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Put another way, "[a] court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." United States v. Guadagna, 183 F.3d 122, 130 (2d Cir.1999) (internal quotation marks omitted). In assessing the evidence, a court is constrained to bear in mind that Rule 29 "does not provide [it] with an opportunity to substitute its own determination of ... the weight of the evidence and the reasonable inferences to be drawn for that of the jury." Id. at 129. The court must consider the evidence "in its totality, not in isolation, and the government need not negate every possible theory of innocence." United States v. Cote, 544 F.3d 88, 98 (2d Cir.2008); see also Guadagna, 183 F.3d at 130 ("each fact may gain color from the others").

### B. Requirements of 18 U.S.C. § 2242(b).

Count One charges that on May 19, 2014, Mahannah used his cellular phone to attempt to entice an individual he believed to be a twelve year old male to engage in sexual activity in Auburn, New York.

■ To establish enticement under 18 U.S.C. § 2422(b), the government must prove four elements, that an individual: (i) used a facility of interstate commerce; (ii) to knowingly persuade, induce, entice or coerce, or to attempt to persuade, induce, entice or coerce; (iii) any individual who is younger than eighteen-years old; and (iv) to engage in sexual activity of a criminal nature. See 18 U.S.C. § 2422(b); United States v. Brand, 467 F.3d 179, 201–02 (2d Cir.2006). "A conviction under § 2422(b) requires a finding only of an attempt to entice or an intent to entice, and not an intent to perform the sexual act following the persuasion." Brand, 467 F.3d at 202. Section 2242(b) "criminalizes an intentional attempt to achieve a mental state—a minor's assent—regardless of the accused's intentions [concerning] the actual consummation of sexual activities with the minor." United States v. Berk, 652 F.3d 132, 140 (1st Cir.2011). Although " 'it may be rare for there to be a separation between the intent to persuade and the follow up intent to perform the act after persuasion, they are two clearly separate and different intents and the Congress has made a clear choice [in § 2422(b)] to criminalize persuasion and the attempt to persuade, not the performance of the sexual acts themselves.' " United States v. Douglas, 626 F.3d 161, 164 (2d Cir.2010) (quoting United States v. Bailey, 228 F.3d 637, 639 (6th Cir.2000)).

■ There are two steps the government must prove to show defendant's attempt. "In order to establish that a defendant is guilty of an attempt to commit a crime, the government must prove that the defendant had the intent to commit the crime and engaged in conduct amounting

to a 'substantial step' towards the commission of the crime." United States v. Yousef, 327 F.3d 56, 134 (2d Cir.2003). "A substantial step must be something more than mere preparation..." United States v. Manley, 632 F.2d 978, 987 (2d Cir.1980). The step "must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute." Id. at 987–988. In other words, the government must establish that a defendant formed an intent to commit a crime and then took a substantial step to enable him to commit the crime.

## C. Sufficiency of the Government's Evidence.

■ Mahannah challenges the sufficiency of the evidence of the second element, contending that the evidence presented by the government was insufficient as a matter of law to prove that he attempted to persuade, induce, entice or coerce a minor to engage in sexual activity. Defendant presses that it was Investigator Schmitter of the New York State Police that actually did the enticing. Additionally, defendant contends that he did not take a "substantial step" towards to the commission of the crime.

■ "Section 2422(b) does not prohibit all communications with a minor; nor does it prohibit all communications that relate to illegal sexual activity. It only proscribes communications that actually or attempt to knowingly 'persuade,' 'induce,' 'entice' or 'coerce' a minor to engage in illicit sexual activity." United States v. Tykarsky, 446 F.3d 458, 482 (3d Cir.2006). Section 2422(b) "criminalizes an intentional attempt to achieve a mental state, the minor's assent." United States v. Dwinells, 508 F.3d 63, (1st Cir.2007). In United States v. Brand, the

defendant, not a police investigator, initiated electronic communication with someone he believed to be a thirteen year old girl. See Brand, 467 F.3d at 202. In that case, over the course of approximately one month, defendant initiated multiple conversations via instant message and telephone with the minor, wherein he progressively expressed his desire to meet with her, for her to be his girlfriend and to engage in sexual activity with her. Id. In reviewing the sufficiency of the defendant's conviction under § 2422(b), the Second Circuit noted several facts supporting a finding that the defendant attempted to entice a minor, including that defendant initiated contact with two victims in a chat room with a sexually suggestive name, repeatedly made sexual advances toward both minors, continuously steered the conversation in the direction of sexual contact and acts and repeatedly attempted to set up meeting with one victim. See Brand, 467 F.3d at 204; see also United States v. Gagliardi, 506 F.3d 140, 150 (2d Cir.2007) (intent could be inferred from defendant initiating contact with minor, repeatedly making sexual advances, steering the conversation toward sexual activities and trying to meet with minor). Similarly, in United States v. D'Amelio, 565 Fed.Appx. 61, 62–63 (2d Cir.2014), the Second Circuit found sufficient evidence of attempted enticement where defendant initiated contact with the minor, suggested that he liked the minor and that he has sex with women he liked and continuously steered the conversation in the direction of sexual contact. In United States v. Morin, 538 Fed.Appx. 1, 3 (2d Cir.2013), although the minor initiated contact with the defendant, the Second Circuit determined that defendant actively encouraged extensive communication with the minor, steered those conversations in a sexual direction and stated a desire and intent to have sexual relations with the

minor. The facts in these cases come nowhere close to the facts in this case.

To support its contention that Mahannah attempted to entice or coerced a minor to engage in sexual activity and took a substantial step to achieve that end, the government presented the testimony of Investigator Schmitter and text communications that he, posing as a twelve year old boy named "Brett", participated in with defendant. This occurred on and off during one afternoon over approximately six hours while the defendant was riding around Auburn, New York on his bicycle.

On May 19, 2014 at approximately 12:00 p.m., Investigator Schmitter initiated text messages to Mahannah's cell phone looking for "Mikey" while pretending to be "Brett". Defendant initially asserted that he was a friend of Mikey. After an hour and a half, "Brett" stated that he was twelve years old and that he had previously communicated with Mikey. After finally revealing himself as Mahannah, defendant requested a photograph of "Brett" and responded in the affirmative when "Brett" asked if he liked men. At approximately 3:20 p.m., defendant attempted to determine "Brett"'s location and suggested they meet in person. After repeated questions from the investigator over what they were going to do and the suggestion of oral sex, defendant answered affirmatively. They then agreed to meet near the local mall. Defendant then switched to a local spot and the investigator's text messages stopped. Defendant was arrested in the vicinity of the meeting location. In his written statement taken on the day of the incident, Mahannah states that he "decided to go and meet with him and tell him that it was wrong and that it was and he was to [sic] young to be doing this type of thing. [Defendant] was going to tell him that he could get a disease." See Gov't Exhibit 6.

Several factors concerning the text communications are problematic. First, Investigator Schmitter initiated the contact with Mahannah and defendant initially pretended to be someone else. Second, the investigator initiated all of the instances were items of a sexual nature were discussed. For example, "Brett" asks "r u still into guys? I still am!" and "U hook up at lot?" and states that he is "into older guys". See Gov't Ex. 3 at 5. After a meeting was arranged, the investigator inquired what defendant wanted to do numerous times and was the first to suggest "adult stuff" and oral sex. See Gov't Ex. 3 at 4-5. Third, some of the texts sent by defendant indicate defendant's lack of interest in interacting with the child, even though he continued to do so. For example, defendant states that "Brett" is too young for him, that a former partner had HIV and that defendant was working. See Gov't Exhibit 3, at 5. Lastly, the investigator at least at one point attempts to keep the conversation going, stating "you dont want 2 talk no more?"

Unlike in Brand and Gagliardi, where the Court found that defendant's attempt to entice could partly be inferred from defendant initiating contact with a minor through a chat room entitled "I Love Older Men", a "hotbed of illegal activity", Mahannah did not initiate the contact with a minor, either through a chat room or directly. See Brand, 467 F.3d at 202; Gagliardi, 506 F.3d at 150. Mahannah did not seek out a minor to entice or persuade; law enforcement initiated the conversation with defendant with the intent, in part, of determining defendant's interest in engaging in illegal sexual activity.

Further, Brand noted that defendant repeatedly made sexual advances towards both girls he interacted in multiple conversations over the course of approximately one month. Id.; see also Gagliardi, 506

F.3d at 143–144 (citing defendant's multiple interactions with two minors over the course of approximately three months). Mahannah did not initiate any of the sexually related discussions and repeatedly sought to divert such sexual discussions when initiated by Investigator Schmitter in their one afternoon discussion, noting that the minor was too young and that he had previously had a relationship with someone who was HIV positive.

Additionally, Brand noted that the defendant's attempt to entice could be inferred from defendant's sexually explicit conversations with the minor, but again, such conversations were initiated by the defendant, not the investigator. During the initial discussion of sexual interests, Mahannah only responds to Investigator Schmitter's questions. Later, Mahannah indicated his desire to engage in oral sex, however, such discussion only resulted after the investigator specified his interest in "adult stuff" and asked defendant five times what they were going to do.

The terms persuade, induce, entice and coerce are not defined in the statute and "are words of common usage that have plain and ordinary meanings". Gagliardi, 506 F.3d at 147. Given such meanings, Mahannah did not urge, influence or tempt the alleged minor towards illegal sexual activity as demonstrated by the facts in Brand and Gagliardi. The proof presented by the government is a very rare case where the defendant may have had an interest in performing an illegal sexual activity but did not attempt to persuade, induce, entice or coerce the alleged minor. Even viewing the evidence in the light most favorable to the government and in the context of the totality of the evidence, a jury could not find beyond a reasonable doubt that Mahannah had the requisite intent to satisfy the second element of

Section 2422(b), to knowingly attempt to persuade, induce, entice or coerce a minor.

The government has also failed to offer sufficient evidence that Mahannah took a substantial step toward the commission of the crime. The government argues that by Mahannah utilizing his bicycle to meet with the alleged minor, he took a substantial step towards enticing a minor toward illegal sexual activity. However, in his statement to the two investigators, defendant states that his intent in meeting with the minor was to advise the minor that what he was doing was wrong and could result in a sexually transmitted disease.

The proof by the government does not evidence that Mahannah possessed the requisite intent at the time of his alleged substantial step to carry out the activities discussed in the text messages. Once the suggestive influence of the investigator was removed, there is no evidence that the defendant had any intent to persuade a minor or engage in the proposed sexual activity. Unlike in Brand and Gagliardi where there was substantial evidence of defendant's intent, such as bringing condoms and Viagra to the proposed meeting (Investigator Schmitter tried to persuade defendant to bring condoms and marijuana but failed), there is no physical evidence to counter Mahannah's stated reason for meeting with the minor. After text conversations with a very persuasive, very professional investigator, riding a bicycle to meet the boy to advise him that what he was doing was wrong is not a substantial step toward the commission of the alleged crime. Even viewing the evidence in the light most favorable to the government and in the context of the totality of the evidence, a jury could not find beyond a reasonable doubt that Mahannah took a substantial step to commit the enticement of a minor.

For the foregoing reasons, the evidence presented by the government is insufficient to sustain a conviction regarding Count 1.

### D. Count 2.

As Count 2 requires evidence of a felony offense against a minor and Count 1 is the only such alleged felony offense, dismissal of Count 1 also requires dismissal of Count 2 for insufficiency of evidence.

## III. CONCLUSION

For the foregoing reasons, it is ORDERED that:

1. Defendant's motion for judgment of acquittal as to Counts 1 and 2 pursuant to Federal Rule of Criminal Procedure 29(a) is **GRANTED** ;

2. The Clerk of the Court shall enter a judgment of acquittal as to Counts 1 and 2;

3. Sentencing as to Counts 3-20 is set for October 20, 2016 at 11:00 a.m. in Utica, New York;

4. The Probation Department is directed to prepare and submit a presentence report; and

5. The defendant is remanded to the U.S. Marshal's custody pending sentencing.

IT IS SO ORDERED.