16-355-cr (L)
*United States v. Knox*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand seventeen.

PRESENT:
> AMALYA L. KEARSE,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.

WILLIAM KNOX, AKA SEALED DEFENDANT 1,

> *Defendant-Appellant,*

KRISTIAN MAISONET,

> *Defendant.*

16-355-cr (Lead)
16-360-cr (Con)

---

For Appellant:          SUSAN C. WOLFE, Esq., LAW OFFICE OF
                        SUSAN C. WOLFE, New York, NY.

For Appellee:                                               MAX NICHOLAS (Micah W.J. Smith, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction of the district court is **AFFIRMED**, and the case is **REMANDED** for resentencing consistent with this order.

Following a three-day jury trial, Defendant-Appellant William Knox was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He was subsequently sentenced to 30 months' incarceration. Because he was also on supervised release at the time of the offense, he was found in violation of supervised release and sentenced to 18 months' incarceration, to be served consecutively to the sentence for the underlying felon-in-possession offense. On appeal, Knox contends that his felon in possession conviction should be vacated because (1) the Government's rebuttal argument during summation was improper; (2) the court's reasonable doubt instruction was prejudicial; and (3) his trial counsel was constitutionally ineffective in various respects. He also seeks remand for resentencing on his sentence for violation of supervised release because the court erred in sentencing him based on a "Grade A" violation. Finally, he asserts that his entire 48-month sentence was substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

I.

Knox first contends that his conviction should be vacated because the Government's rebuttal argument improperly referred to the fact that he had a prior felony conviction for passing counterfeit obligations in violation of 18 U.S.C. § 472. Where, as here, a defendant did not object to

the summation statements at trial, "the plain error standard applies." *United States v. Williams*, 690 F.3d 70.75 (2d Cir. 2012). Under that standard, this Court will grant relief only if (1) there was error, (2) it was plain, (3) it affected the defendant's substantial rights, and (4) it seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Id.* at 77.

"A defendant asserting that a prosecutor's remarks warrant a new trial faces a heavy burden, because the misconduct alleged must be so severe and significant as to result in the denial of his right to a fair trial." *United States v. Banki*, 685 F.3d 99, 120 (2d Cir. 2012) (internal quotation marks, citation, and alterations omitted)). In general, the prosecution and defense are "entitled to wide latitude during closing arguments, so long as they do not misstate the evidence." *United States v. Tocco*, 135 F.3d 116, 130 (2d Cir. 1998). Moreover, "[u]nder the invited or fair response doctrine, the defense summation may open the door to an otherwise inadmissible prosecution rebuttal." *Id.* Indeed, "where the defense summation makes arguments and allegations against the government, the prosecutor may respond to them in rebuttal." *Id.* "Even if a remark is deemed improper, it must cause 'substantial prejudice' to result in a new trial." *Banki*, 685 F.3d at 120 (internal quotation marksomitted).

The Government's rebuttal argument at trial was entirely permissible. Contrary to Knox's contention, the Government's argument did not amount to an improper argument as to his motive. Rather, it provided a logical explanation for why Knox would have attempted stealthily to hand off a firearm to his associate, despite being in the presence of police: as a felon, he was not permitted to possess a firearm. Defense counsel's closing argument also invited the Government's response, as counsel essentially argued to the jury that it did not "make sense" for Knox to pass off a gun to the male next to him right in front of police. Trial Tr. at 280:22 Furthermore, Knox and the Government stipulated to the fact of his prior felony conviction, and the court instructed the jury to consider Knox's prior conviction only with respect to that element of the felon in possession charge.

3

The Government's rebuttal was not unreasonable, much less a basis for reversing Knox's conviction.

## II.

Knox next argues that the district court's reasonable doubt instruction was a "prejudicial deviation from the standard" instruction, warranting reversal. Appellant's Br. at 15. The Supreme Court has made clear, though, that the particular wording of a reasonable doubt instruction is of no moment "so long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt." *Victor v. Nebraska*, 511 U.S. 1, 5 (1994). The only requirement is that, "taken as a whole, the instructions must correctly convey the concept of reasonable doubt to the jury." *Id.* (internal quotation marks and alterations omitted).

The district court's instructions on reasonable doubt properly conveyed the meaning of that standard to the jury. This Court has upheld similar instructions employing the "abiding belief" phrase. *See, e.g.*, *United States v. Bright*, 517 F.2d 584, 587 (2d Cir.1975) (explaining that conviction may not stand without "abiding belief" of defendant's guilt); *United States v. Barrera*, 486 F.2d 333, 339–40 & n.2 (2d Cir. 1973) (concluding that reversal was not required where jury instruction defined reasonable doubt in terms of an "abiding belief"); *see also United States v. Young*, 561 F. App'x 85, 90 (2d Cir. 2014) (summary order) ("[T]he district court's use of the phrase 'abiding belief' sufficiently conveyed the concept of reasonable doubt."). The same is true for the "hesitate to act" formulation, *see Vargas v. Keane*, 86 F.3d 1273, 1279–80 (2d Cir. 1996) (explaining that "hesitate to act" formulation has consistently been upheld), as well as the phrase "candidly and honestly say" concerning the juror's determination of guilt, *cf. id.* at 1277–79 (concluding that defining reasonable doubt as "a doubt for which you could give a reason if called upon to do so by a fellow juror," in the context of the full charge, was constitutional). The district court's jury instruction employing these formulations to guide the application of the reasonable doubt standard was not improper.

4

Knox asserts, in passing, that the district court's use of the instructions that "'the government is not on trial' and 'the government is not required to use any particular investigative means' . . . dilute[s] the [G]overnment's burden of proof." Appellant's Br. at 20–21 (citing App'x at 87). Knox provides no legal support for this bare contention let alone for how the instructions may have affected his substantial rights. Far from plain error, such instructions were appropriate. *See, e.g., United States v. Saldarriaga*, 204 F.3d 50, 52 (2d Cir. 2000) (per curiam) ("The Court's disputed jury instruction concerning the government's failure to use certain investigative techniques . . . was, in substance, legally sound.").

## III.

Knox next claims that he received ineffective assistance of counsel because his trial counsel declined to object to the district court's reasonable doubt instructions and to the Government's reference to the fact of his prior conviction during its rebuttal summation. In light of our rulings above that these objections, pursued by Knox on appeal, are meritless, we conclude that these claims of ineffective assistance of counsel are meritless.

## IV.

Finally, Knox contends that the district court improperly sentenced him on his supervised release violation because it incorrectly classified his violation as Grade A, resulting in a higher recommended sentencing range. The Government concedes error here and agrees that remand for resentencing is appropriate. We agree. The offense underlying Knox's supervised release violation is the Criminal Possession of a Weapon in the Second Degree, N.Y. Penal Law § 265.03(3), which criminalizes the possession of a loaded firearm outside of one's home or place of business. At the time of sentencing, U.S.S.G. § 7B1.1(a)(1) provided that a "Grade A" violation of supervised release was conduct constituting a federal, state, or local felony that is a "crime of violence." The Probation Department determined that Knox's violation of § 265.03 constituted a "crime of violence" under

5

the Career Offender Guidelines, and thus classified his supervised release violation as Grade A. Both parties agreed, and Judge Nathan accepted the parties' agreement in determining Knox's sentence. That classification was incorrect, however, as § 265.03(3) required the Government to prove only that a defendant possessed a loaded weapon outside of his home or business, and mere possession does not constitute a "crime of violence." *See* U.S.S.G. § 4B1.2, cmt. 1 (2015) ("the offense of unlawful possession of a firearm by a felon" does not constitute a crime of violence unless it involves the possession of certain firearms not at issue in this case). Accordingly, rather than being sentenced for a Grade A violation, Knox should have received a sentence based on a Grade B violation, which would have resulted in a range of 8 to 14 months' imprisonment. *See* U.S.S.G. §§ 7B1.1(a)(2), 7B1.4(a). Because the record provides no basis to conclude that such error did not affect Knox's sentence on his supervised release violation, a limited remand for resentencing is appropriate. *See Molina-Martinez v. United States*, 136 S.Ct. 1338, 1345–46 (2016).

We decline to address Knox's remaining arguments, including his claims of ineffective assistance of counsel with respect to his sentence for violation of supervised release, relating to his sentence because we conclude that remand is warranted for the reasons just explained. Accordingly, Knox may present his remaining arguments concerning his sentence before the district court at resentencing. For all the foregoing reasons, the district court's judgment of conviction is **AFFIRMED**, and the case is **REMANDED** for resentencing consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6