21-2020
*United States v. Baez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand twenty-two.

PRESENT:

> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> *Circuit Judges*,
> MARY KAY VYSKOCIL,
> *District Judge.*\*

———————————————————————

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                    No. 21-2020

HUMBERTO BAEZ,

*Defendant-Appellant*.†

———————————————————————

---

\* Judge Mary Kay Vyskocil, of the United States District Court for the Southern District of New York, sitting by designation.

† The Clerk of Court is respectfully directed to amend the caption as set forth above.

**FOR DEFENDANT-APPELLANT:** CÉSAR DE CASTRO, The Law Firm of César de Castro, P.C., New York, NY.

**FOR APPELLEE:** NOMI D. BERENSON, Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the defendant's appeal is **DISMISSED**.

Humberto Baez appeals from the district court's judgment of conviction following a jury trial in which he was found guilty of conspiracy to import five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 952(a), 963, 960(a), and 960(b)(1)(B)(ii); conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A)(ii)(II); and distribution and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a) and 841(b)(1)(A)(ii)(II). The district court sentenced Baez to 156 months' imprisonment and five years' supervised release.

On appeal, Baez – now represented by new counsel – argues that he received ineffective assistance of counsel from both David Gordon, who represented him in portions of the pretrial proceedings below, and Lawrence Herrmann, who represented him for the remainder of the pretrial proceedings, at trial, and at sentencing. Specifically, Baez contends that (1) Herrmann failed to speak with the witnesses whom Baez had identified as exculpatory; (2) Gordon and Herrmann failed to oppose the government's motions in limine, make their own pretrial motions, or raise a sufficient number of objections at trial; (3) Herrmann's trial performance was adversely affected by his hearing impairment; (4) Herrmann improperly bolstered the credibility of a government witness; and (5) Herrmann provided inadequate sentencing advocacy. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

To succeed on his ineffective-assistance-of-counsel claims, Baez must demonstrate (1) that his counsel's performance was constitutionally deficient, and (2) that this deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 691–92 (1984). With respect to the performance prong, "counsel is strongly presumed to have rendered adequate assistance and [to have] made all significant decisions in the exercise of reasonable professional

3

judgment." *Id.* at 690. To demonstrate prejudice, Baez must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. When determining an ineffectiveness claim, a court need not address both prongs if the defendant fails to make a showing on one. *See id.* at 697.

Where, as here, a criminal defendant asserts an ineffective-assistance-of-counsel claim on direct appeal through newly retained counsel, we may either "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent [28 U.S.C.] § 2255 petition; (2) remand the claim to the district court for necessary fact-finding; or (3) decide the claim on the record before us." *United States v. Leone*, 215 F.3d 253, 256 (2d Cir. 2000). Although we have "the discretion to choose among these three options," *id.*, the Supreme Court has cautioned that "few [ineffective-assistance-of-counsel] claims will be capable of resolution on direct appeal," *Massaro v. United States*, 538 U.S. 500, 507 (2003). Similarly, we have expressed a "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Williams*, 205 F.3d 23, 35 (2d Cir. 2000) (internal quotation marks omitted). Thus, we generally will not decide the merits of an ineffective-assistance-of-counsel claim in the first instance on direct appeal

4

unless its "resolution is beyond any doubt." *United States v. Matos*, 905 F.2d 30, 32 (2d Cir. 1990) (internal quotation marks omitted).

Here, each of Baez's allegations of ineffective assistance would benefit from further development of the record as to both prongs of the *Strickland* test. This is especially true considering that neither Gordon nor Herrmann has been given an opportunity to respond to the allegations and arguments asserted by Baez. *See United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003) (explaining that an "allegedly ineffective attorney should generally be given the opportunity to explain the conduct at issue"); *see also Massaro*, 538 U.S. at 501 (noting that the district court that presided over the proceedings below generally has "an advantageous perspective for determining the effectiveness of counsel's conduct and whether any deficiencies were prejudicial"). Because a "collateral proceeding under section 2255" would "provide[] [Baez] with an ample remedy for any ineffectiveness claim" and promote judicial economy by allowing the district court "to decide all of [Baez's] collateral claims in one proceeding," *United States v. Doe*, 365 F.3d 150, 154 (2d Cir. 2004), we decline to hear his ineffective-assistance-of-counsel claims now and will instead permit him to raise

those claims as part of a subsequent section-2255 motion, should he choose to file one in the district court.

Given that Baez has raised no other arguments besides these claims for ineffective assistance of counsel, we **DISMISS** the appeal in its entirety.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court